[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 09-16163
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
AUGUST 13, 2010
JOHN LEY
CLERK

D. C. Docket No. 09-01194-CV-T-30-TGW

TERRY WOODARD,

Plaintiff-Appellant,

versus

CHANDRA W. DASRAT,
Assistant Attorney General,
ATTORNEY GENERAL, STATE OF FLORIDA,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(August 13, 2010)

Before TJOFLAT, CARNES and MARCUS, Circuit Judges.

PER CURIAM:

This action stems from a District Court of Appeal of Florida ruling denying Terry Woodward's request for DNA testing. Woodward claims that the court denied his request on the basis of Assistant Attorney General Chandra Dasrat's false representation that post-sentencing DNA testing would be of no avail because no evidence existed that could be tested. The district court below, acting pursuant to 28 U.S.C. § 1915A, dismissed Woodward's complaint against Dasrat, and Attorney General Bill McCollum, her supervisor, for damages under 42 U.S.C. § 1983 for allegedly depriving him of his federal constitutional rights to due process and the equal protection of the law.[1] Woodward now appeals.

Section 1915A of the Prison Litigation Reform Act ("PLRA") provides that "[t]he court shall review, . . . a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). A complaint is due to be dismissed if it is "frivolous, malicious, or fails to state a claim upon which relief may be granted." § 1915A(b). That is the case here.

Woodward could not recover damages against Dasrat because, as a prosecutor, she is entitled to absolute immunity for all actions before the district court of appeal. *Hart v. Hodges*, 587 F.3d 1288, 1295 (11th Cir. 2009), *cert.*

---

[1] The court also denied Woodward's motion to alter or amend its judgment of dismissal.

*denied*, (U.S. June 7, 2010) (No. 09-1237).  Woodward could not recover damages against McCollum simply because Dasrat happened to be his assistant.  The doctrine of respondeat superior does not apply in § 1983 actions, *Goebert v. Lee County*, 510 F.3d 1312 (11th Cir. 2007), and the complaint does not allege that McCollum instituted a custom or policy that resulted in Dasrat's deliberate indifference to Woodward's constitutional rights or directed Dasrat falsely to represent to the Florida court that the evidence for DNA testing no longer existed.

AFFIRMED.